[ECF No. 40]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **SUSETTE I. GIANNETTA, et al.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> **Defendant.** | Civil No. 22-7537 (MJS) |

## OPINION AND ORDER

This matter is before the Court on the motion by plaintiffs Susette I. Giannetta and Michael P. Giannetta, as co-general administrators ad prosequendum of the Estate of Michael P. Giannetta, Jr. (collectively "Plaintiffs") to allocate and distribute wrongful death and survival proceeds attendant to settlement of the claims in this action. ECF No. 40. Defendant United States of America ("Defendant") has filed letters indicating it takes no position on this motion. ECF Nos. 41, 46. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court decides this motion without oral argument. For the reasons that follow, Plaintiffs' motion is **GRANTED**.

I.  Background

This action commenced on December 28, 2022, when Plaintiffs filed a complaint alleging Defendant negligently caused their son's death in a motor vehicle accident involving a United States Postal Service vehicle which struck the decedent's motorcycle in an intersection in Galloway, New Jersey. ECF No. 1 at 4. Defendant filed an answer on March 20, 2023, denying liability under the complaint and asserting separate defenses. ECF No. 7.

On November 22, 2024, Plaintiffs filed the present motion to approve a settlement reached between the parties. ECF No. 40. On December 11, 2024, the parties consented to have the undersigned magistrate judge conduct all further proceedings in this case, including resolution of the present motion. ECF No. 44.

## II.     Legal Standard

New Jersey's wrongful-death statute requires court-apportionment of proceeds recovered thereunder. N.J.S.A. 2A:31-4. "Once the lump-sum recovery is obtained, whether by way of settlement or judgment, the trial court must hold a hearing without a jury in order to apportion the fund equitably among the members of the class entitled to share in it." McMullen v. Md. Cas. Co., 317 A.2d 75, 79 (N.J. Super. Ct. App. Div. 1974). The apportionment must consider "the age of the dependents, their physical and mental condition, the necessity or desirability of providing them with educational facilities, their financial condition and the availability to them of other means of support, present and future, and any other relevant factors which will contribute to a fair and equitable apportionment of the amount recovered." N.J.S.A. 2A:31-4.

"The determination of who can share in the distribution of the recovery in a wrongful death action such as this requires a two-step procedure." Wolff v. Mercer Med. Ctr., 532 A.2d 265, 267 (N.J. Super. Ct. App. Div. 1987). "The first requires the determination of such category of survivors who would take personal property through intestate succession." Id. "Thereafter, a second category is formed from the above group who were dependents of the decedent." Id. "In the event there are any in the second category, i.e., dependents, they take to the exclusion of the survivors in the first group." Id. "It [is] plain error for [a] judge to delegate to the jury his statutory duty to apportion the award," Eyoma v. Falco, 589 A.2d 653, 663 (N.J.

Super. Ct. App. Div. 1991). However, such duty may be accomplished without a hearing if the beneficiaries agree on an equitable distribution among themselves. Wolff, 532 A.2d at 268 (reversing a trial court's determination of a decedent's dependents and remanding for a new hearing to equitably distribute wrongful death action proceeds, unless "this plenary hearing [] be eliminated on remand by the settlement of the issue"); accord Farrow v. U.S. Specialty Ins. Co., Civ. No. 20-6588, 2021 WL 6424642, at *2 n.1 (D.N.J. Dec. 6, 2021) (approving settlement without a hearing where all beneficiaries consented to distribution); Taylor v. Fontenot, Civ. No. 05-1911, 2008 WL 11510026, at *2-3 (D.N.J. Oct. 7, 2008) (same).

"Survival actions, meanwhile, permit an executor or administrator to recover 'from injuries for which the deceased would have had a cause of action if he had lived' including funeral and burial expenses and 'damages accrued during the lifetime of the deceased.'" Snider v. Am. Forest Prods., LLC, Civ. No. 21-1693, 2023 WL 5274396, at *3 (D.N.J. Aug. 16, 2023) (quoting N.J.S.A. 2A:15-3(a)(1)). "Survival actions permit the administrator of an estate to seek recovery on claims that the decedent would have had if they had lived, while wrongful-death actions allow for the recovery of pecuniary losses resulting from the decedent's death—such as lost support, services, care, etc.—incurred by the decedent's beneficiaries." Id. "In other words, the decedent's personal claim—the survival action—is an asset of their estate, while the wrongful-death claim separately seeks to address the loss suffered by beneficiaries." Id.

"In the common event that wrongful-death and survival actions are brought together, recoveries 'must be proportionally allocated between the claims based on the Wrongful Death Act and the Survivor's Act.'" Id. (quoting F.F. v. G.A.D.R., 750 A.2d 786, 788-89 (D.N.J. Oct. 7, 2008)).

3

### III. Discussion

In support of this motion, Plaintiffs' counsel, Louis J. DeVoto, Esq., filed a certification stating this action was settled between the parties for $775,000. ECF No. 40-1 at 2. To comply with New Jersey's wrongful death statute, Plaintiffs propose allocating $500,000 to the wrongful death claim and $275,000 to the survival claim. Id. at 3. Plaintiffs envision distribution of the settlement as follows:

| | |
|---|---|
| Gross Settlement | $775,000.00 |
| *Less* Costs | $60,231.04 |
| *Less* Attorney Fees | $178,692.24 |
| Net Settlement to Plaintiffs | $536,076.72 |
| | |
| *Less* Liens / Unpaid Bills | |
|     Teitler & Teitler Attorneys | $2,591.50 |
|     Mustang Loan | $10,542.00 |
|     Medical Bills | $5,977.39 |
| Net Proceeds to Estate | $516,965.83 |
| | |
| Proposed Survival Proceeds (35.5%) | $183,522.87 |
| Proposed Wrongful Death Proceeds (64.5%) | $333,442.96 |
| | |
| Proposed Distribution of Survival Proceeds | |
|     Susette Giannetta | $91,761.44 |
|     Michael P. Giannetta | $91,761.43 |
| | |
| Proposed Distribution of Wrongful Death Proceeds | |
|     Susette I. Giannetta | $166,721.48 |
|     Michael P. Giannetta | $37,480.03 |
|     Cherish A. Giannetta | $21,540.24 |
|     Gabriella I. Giannetta | $21,540.24 |
|     Lacey J. Giannetta | $21,540.24 |
|     Joshua A. Giannetta | $21,540.24 |
|     Marigold B. Giannetta | $21,540.24 |
|     Daisy S. Giannetta | $21,540.23 |

Both Susette I. Giannetta and Michael P. Giannetta, parents of the decedent, submitted certifications in support of this motion indicating their consent to the above distribution and their waiver of "any rights to have a court hearing in this matter." ECF No. 40-5. Michael P.

Giannetta further certified that he desired the division of his share of the wrongful death proceeds to benefit his children, "as they were close with Michael and are deserving of compensation." ECF No. 40-5 at 6.

Where, as here,[1] a decedent has no spouse or descendants, the intestate estate passes "to the decedent's parents equally if both survive." N.J.S.A. 3B:5-4(b). Accordingly, given the consent of both parents to the proposed distribution and their waiver of any rights to a hearing, the Court finds, under the specific facts of this case, that no hearing is necessary to approve the proposed distribution. Wolff, 532 A.2d at 268. The decedent's parents are the only two people within "such category of survivors who would take personal property through intestate succession." Id. at 267. No evidence suggests either parent was dependent on the decedent, thus their proposed equal split of the settlement proceeds appears fair and equitable, especially given their consent to the division.

Further, the allocation of $500,000 to the wrongful death claim and $275,000 to the survival claim appears reasonable given Plaintiffs' detailed submission and uncontested expert reports detailing the lost substantial support, guidance, and care that the decedent would have been expected to provide to the beneficiaries. See Snider, 2023 WL 5274396 at *4; Est. of McMahon v. Turner Corp., No. 05-4389, 2007 WL 2688557 at *4 (D.N.J. Sept. 7, 2007).

**IT IS**, therefore, on this **5th** day of **March 2025**,

**ORDERED** that Plaintiffs' motion to allocate and distribute wrongful death and survival proceeds is **GRANTED**. The settlement proceeds shall be distributed according to the schedule above; and it is further

---

[1] The certifications of both Susette I. Giannetta and Michael P. Giannetta, co-administrators of the estate of their son, indicate their son died intestate, was never married, and had no children. ECF No. 40-5 at 2, 5.

**ORDERED** that the parties shall prepare and file a stipulation of dismissal within 60 days of this Order.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge
